## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT DOLAN, Individually and On Behalf Of A Class Similarly Situated, <br><br>                         Plaintiff, <br><br> v. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br>                         Defendant. | Case No.   21-5813 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Vincent Dolan ("Plaintiff"), by and through his undersigned attorneys, brings this complaint seeking to remedy violations of federal law by Defendant United Services Automobile Association ("USAA"). Plaintiff's allegations are based upon his personal knowledge as to himself and his own acts, and upon information and belief, developed from the investigation and analysis by Plaintiff's counsel, including a review of publicly available information, including public statements made by USAA, correspondence from USAA to Plaintiff, news reports, publicly available filings in lawsuits, and other matters of public record.

1.      Plaintiff is a citizen of Westchester County, State of New York.

2.      Defendant is a bank holding company with multiple subsidiary companies, located in San Antonio, Texas, and doing business in this District and throughout the United States.

3.      This action arises under, and is brought pursuant to the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. Sections 2721, *et seq.*

4.      Subject matter jurisdiction is conferred upon this Court by 18 U.S.C. § 2724(a) and 28 U.S.C. § 1331 as the action arises under the laws of the United States.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim occurred in this District.  In addition, Defendant does business in the District and corresponded to Plaintiff who resides in this District.

6.     Defendant is authorized to sell and does sell automobile insurance in New York State.

7.     Defendant has a website that solicits the business of customers in New York State.

8.     On June 2, 2021, Defendant sent Plaintiff a form letter to Plaintiff's home in Westchester County, informing Plaintiff that on May 6, 2021, Defendant allowed an unknown person to access Plaintiff's non-public personal information that Defendant had stored on its website, www.usaa.com.

9.     Defendant represented to Plaintiff that information about Plaintiff was used by a person other than Plaintiff ("Other Party") to open a USAA membership in Plaintiff's name.

10.     This USAA membership was opened in Plaintiff's name by USAA without his consent.

11.     Defendant represented to Plaintiff that this Other Party gained access to Plaintiff's driver's license number through Defendant's website.

12.     Defendant represented to Plaintiff that there were other impacted individuals to whom the same events happened.

13.     Defendant represented to Plaintiff that after it detected the breach in security, it blocked access to the driver's license information and that it was enhancing its security measures to help prevent this type of incident in the future.

14.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of all persons in the United States who, within the relevant statute of limitations

2

period, had their driver's license information taken from the data files of USAA without their permission in violation of the DPPA.

15.     Excluded from the Class are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

16.     The Class is so numerous that joinder of all members is impractical. Although Plaintiff does not yet know the exact size of the Class, Plaintiff has served freedom of information requests with various governmental agencies to obtain this information, and on information and belief, members of the Class number in the hundreds or more.

17.     The Class is ascertainable because their members can be identified by objective criteria and through Defendant's own records. Individual notice can be provided to Class members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

18.     There are numerous questions of law and fact common to the Class which predominate over any individual actions or issues, including but not limited to, how the Other Party was able to obtain from USAA access to the driver's license information of Plaintiff and the other members of the Class.

19.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class were similarly affected by Defendant's violation of the DPAA.

20.     Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff and all members of the Class have sustained injury arising out of Defendant's violation of the DPPA as alleged herein.

21.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained counsel that

is competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously.   Accordingly, the interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

22.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the potentially complex and extensive litigation necessary to establish Defendant's liability.

23.    Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.

24.    Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

<u>COUNT I</u>

**VIOLATION OF
THE DRIVER'S PRIVACY PROTECTION ACT
<u>(18 U.S.C. § 2721 *et seq.*)</u>**

25.    The allegations contained in the paragraphs above are incorporated herein by reference.

26.    As specifically alleged above, Defendants knowingly obtained DPPA-protected personal information, including the driver's license number of Plaintiff and other members of the Class, from a motor vehicle record, and then allowed that personal information to be disseminated by Defendant to the Other Party as described above.

27.     Defendant knowingly obtained, disclosed, and used Plaintiff's protected personal information from a motor vehicle record.

28.     Defendant obtained the Plaintiff's driver's license information from a motor vehicle record and then knowingly used and disclosed said Plaintiff's personal information.

29.     Defendant knowingly obtained, disclosed, and used Plaintiffs' personal information from a motor vehicle record for its own commercial purposes.

30.     Defendant knowingly obtained, disclosed, and used Plaintiffs' personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, in violation of the DPPA.

31.     Because Defendant continues to regularly and knowingly obtain, disclose, and use personal information from motor vehicle records, for its own commercial purposes, violations of the DPPA may be likely to continue.

32.     Under 18 U.S.C. § 2724(b)(4), the Court should enter a permanent injunction prohibiting Defendant from obtaining personal information from motor vehicle records for its own commercial purposes and storing this information in its databases.

33.     Because Defendant knowingly obtained, disclosed and/or used Plaintiffs' personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, Plaintiff and each member of the Class is entitled to liquidated damages of $2,500.00 in lieu of actual damages for each instance in which Defendant so acted in violation of the DPPA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     To enter an Order certifying the proposed Class under Rule 23, and appointing Plaintiff and the undersigned counsel of record to represent the Class;

2.      To permanently enjoin Defendant, pursuant to 18 U.S.C. § 2724(b)(4), from obtaining names, addresses and driver's licenses and allowing them to be knowingly disclosed in violation of the DPPA.

3.      To award liquidated damages, pursuant to 18 U.S.C. § 2724(b)(1), to Plaintiff in the amount of $2,500.00 for each instance in which Defendant knowingly obtained, disclosed or used or caused to be obtained, disclosed or used Plaintiff's or a Class Member's personal information, from a motor vehicle record, in violation of the DPPA,

4.      To award reasonable attorneys' fees and other litigation costs reasonably incurred, pursuant to 18 U.S.C. §2724(b)(3);

5.      To award pre- and post-judgment interest as allowed by law; and

6.      Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable. Dated: July 7, 2021

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
        Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: gegleston@gme-law.com
Email: tjmckenna@gme-law.com

*Attorneys for Plaintiff*