# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VINCENT DOLAN, Individually and on behalf of himself and all others similarly situated, | ) ) ) | Case No. 7:21-cv-05813-VB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHRISTINE MAPES, Individually and on behalf herself and all others similarly situated, | ) ) ) | Case No. 7:21-cv-07853-VB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42 AND APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 1

GOVERNING STANDARD AND RELIEF REQUESTED ...................................................... 2

    A.   Consolidation is Appropriate and Will Benefit the Court, Parties, and the Proposed Class 2

    B.   The Court Should Appoint Plaintiff Dolan's and Plaintiff Mapes' Counsel as Co-Lead
        Interim Class Counsel ................................................................................................... 4

ARGUMENT ............................................................................................................................. 6

    A.   Proposed Co-Lead Interim Class Counsel Has Thoroughly Identified and Investigated the
        Claims Under FED. R. CIV. P. 23(g)(1)(A)(i) ................................................................ 6

    B.   Proposed Co-Lead Interim Class Counsel is Experienced in Handling Class Actions and
        Other Complex Litigation Under FED. R. CIV. P. 23(g)(1)(A)(ii) ................................. 8

    C.   Proposed Co-Lead Interim Class Counsel are Familiar with the Applicable Law Under
        FED. R. CIV. P. 23(g)(1)(A)(iii) ................................................................................... 16

    D.   Proposed Co-Lead Interim Class Counsel Will Commit All Necessary Resources to
        Representing the Class Under FED. R. CIV. P. 23(g)(1)(A)(iv) ..................................... 16

    E.   Discretionary Factors Under FED. R. CIV. P. 23(g)(1)(B) ............................................ 17

    F.   The Court Should Order the Consolidation of Pleadings and Set a Deadline for the Filing
        of Plaintiffs' Consolidated Complaint .......................................................................... 18

CONCLUSION ......................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

*Buonasera v. Honest Co., Inc.*,
   318 F.R.D. 17 (S.D.N.Y. 2016)............................................................................... 5, 6

*Deangelis v. Corzine*,
   286 F.R.D. 220 (S.D.N.Y. 2012) ................................................................................ 6

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
   258 F.R.D. 260 (S.D.N.Y. 2009) ............................................................................... 5

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   288 F.R.D 26 (S.D.N.Y.)........................................................................................ 4, 5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   No. 11 MD 2262 NRB, 2014 WL 5392961 (S.D.N.Y. Oct. 14, 2014)...................... 6

*In re Repetitive Stress Inj. Litig.*,
   11 F.3d 368 (2d Cir. 1993), *on reh'g*, 35 F.3d 637 (2d Cir. 1994) ............................ 3

*Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*,
   208 F.R.D. 59 (S.D.N.Y. 2002).................................................................................. 3

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)..................................................................................... 3

*Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB),
   2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ........................................................... 3

*Primavera Familienstiftung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................... 3

*Reitan v. China Mobile Games & Ent. Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014).......................................................................... 4

*Schoers v. Pfizer, Inc.*, No. 00 CIV. 6121 (DAB),
   2001 WL 64742 (S.D.N.Y. Jan. 24, 2001)................................................................ 4

*Szymczak v. Nissan N. Am., Inc.*,
   No. 10 CV 7493 VB, 2012 WL 1877306 (S.D.N.Y. May 15, 2012)......................... 3

**<u>Rules</u>**

FED. R. CIV. P. 23 ...................................................................................................... *passim*

FED. R. CIV. P. 42 ...................................................................................................... *passim*

**<u>Treatises</u>**

*Manual for Complex Litigation*, Fourth (2004) ....................................................... 3, 5, 6

Moore's Fed. Prac. (3d. Ed. 2007) ............................................................................... 7

## INTRODUCTION

There are currently two related class action lawsuits pending before this Court: *Dolan. v. United Services Automobile Association*, 7:21-cv-05813 (filed on July 7, 2021) (the "*Dolan* Action") and *Mapes v. United Services Automobile Association*, 7:21-cv-07853 (filed on Aug. 11, 2021 in E.D.N.Y.; transferred to S.D.N.Y. on Sept. 21, 2021) (the "*Mapes* Action") (collectively, the "Class Actions"). The Class Actions assert the same claims on behalf of substantially the same classes of individuals, are based on the same factual allegations, and are alleged against the same Defendant: United Services Automobile Association ("Defendant" or "USAA"). Through the present motion, the Plaintiffs in each action, Vincent Dolan and Christine Mapes (collectively, "Plaintiffs"), jointly seek to have their separate actions consolidated into one action pursuant to Federal Rules of Civil Procedure 42 and to appoint Thomas J. McKenna of Gainey McKenna & Egleston, Gary F. Lynch of Carlson Lynch LLP, and Christian Levis of Lowey Dannenberg, P.C. as Co-Lead Interim Class Counsel – as agreed upon by the respective Plaintiffs. Accordingly, Plaintiffs hereby move this Court to: (1) consolidate the Class Actions into one proceeding; (2) appoint Co-Lead Interim Class Counsel; and (3) set a briefing schedule for the filing of Plaintiffs' Consolidated Complaint, and Defendant's response. Defendant is in favor of consolidation and is unopposed to an appointment of Co-Lead Interim Class Counsel.

## STATEMENT OF FACTS

Plaintiffs essentially assert the same causes of actions, on behalf of the same class of individuals, and under the same sets of facts for the same alleged harm caused by Defendant's actions. *See* Exhibits A and B, the operative complaints, respectively. Both Class Actions arise from unknown cybercriminals gaining unauthorized access to Plaintiffs' non-public, personally identifiable information ("PII") – such as their Driver's License numbers – that USAA stored on

its website. *See, e.g., Dolan* Compl. ¶¶ 8–11; *Mapes* Compl. ¶¶ 5–10. As alleged, Plaintiffs were not USAA members prior to unknown cybercriminals using their personal information to open fraudulent USAA membership accounts and requesting insurance quotes in their names. *See, e.g., Dolan* Compl. ¶¶ 9–11; *Mapes* Compl. ¶ 5. Further, both complaints allege that because of USAA's lack of reasonable data security measures, Defendant, without authorization, provided Plaintiffs' PII to unknown cybercriminals. *See, e.g., Dolan* Compl. ¶¶ 26–29; *Mapes* Compl. ¶¶ 8–12.

The complaints also each purport to represent a materially identical class. *See, e.g., Dolan* Compl. ¶ 14; *Mapes* Compl. ¶ 76. Both complaints assert claims for a violation of 18 U.S.C. §§ 2721, *et. seq. See, e.g., Dolan* Compl. ¶¶ 25–33; *Mapes* Compl. ¶¶ 107–18. The *Mapes* complaint asserts additional claims for negligence, negligence *per se*, NY. Gen. Bus. Law. §§ 349 *et seq.*, and declaratory and injunctive relief. *See Mapes* Compl. ¶¶ 83–106, 119–38. And finally, both complaints seek the same relief – an order enjoining USAA to adequately store customers' PII and an award of damages to compensate Plaintiffs and class members for USAA's unauthorized disclosure of PII. *See, e.g., Dolan* Compl. 33; *Mapes* Compl. ¶¶ 92, 106, 118, 130, 134.

Given the substantial overlap in these complaints both in facts and in claims – as well as the proposed class they seek to represent, Plaintiffs have agreed, pending approval of the Court, to consolidate the actions into the *Dolan* Action (the first-filed case), and appoint Plaintiff Dolan's and Plaintiff Mapes' counsel as Co-Lead Interim Class Counsel to allow this proposed consolidated class action to move ahead efficiently.

## GOVERNING STANDARD AND RELIEF REQUESTED

### A. Consolidation is Appropriate and Will Benefit the Court, Parties, and the Proposed Class

Consolidation is appropriate where multiple actions before the Court "involve a common question of law or fact." *See e.g.*, FED. R. CIV. P. 42; *see also Manual for Complex Litigation,*

Fourth, § 11.631, at pp. 121–22 (2004) (the "*Manual*"). It serves to "avoid[] the waste associate[d] with duplicative discovery and multiple trials, and the danger of inconsistent verdicts." *Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *see also Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) ("An invaluable and economizing tool of judicial administration, Rule 42 should be liberally employed to expedite trial and eliminate unnecessary repetition and confusion.") (internal citations omitted). When moving for consolidation, the party seeking consolidation "must bear the burden of showing the commonality of factual and legal issues in different actions." *In re Repetitive Stress Inj. Litig.*, 11 F.3d 368, 373 (2d Cir. 1993), *on reh'g*, 35 F.3d 637 (2d Cir. 1994). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

In determining the propriety of consolidation, a district court "must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Internet L. Libr.*, 208 F.R.D. at 61. However, "so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

That balancing test weighs heavily in favor of consolidation here. There will be no prejudice, increased expense, or risk of confusion because these cases are at their early stages and all parties agree to consolidation. *See Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *3 (S.D.N.Y. Mar. 13, 2018) ("Because the motions for consolidation are unopposed and because the actions are substantially similar . . . consolidation is warranted").

To the contrary, the potential economies and efficiencies to be realized are significant. The *Dolan* Action and *Mapes* Action arise from the same facts, purport to represent virtually the same

classes, raise the same claims and assert some of the same causes of action, seek the same relief, and are subject to the same defenses. *See generally*, *Dolan* Compl.; *Mapes* Compl; *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D 26, 42 (S.D.N.Y.) (noting that courts have consolidated actions "where the claims arose out of the same facts or class"). As detailed above, the complaints are materially identical – they allege the same general facts and assert common claims. *See Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014). Further, discovery, merits litigation, and class-certification proceedings in these cases are highly likely to overlap. Any documents or testimony potentially relevant to one action would also be relevant to the other. Such repetitive discovery would unduly burden the Court, parties, and witnesses.

Consolidation will allow the Court to guide the parties in formulating a comprehensive pretrial discovery plan that would avoid repetitive discovery, reduce litigation costs, minimize inconvenience to parties and witnesses, and allow these cases to proceed most efficiently as a single consolidated action. Moreover, USAA has not yet responded to the complaints in either action, which makes consolidation at this early stage even more appropriate.[1] *See Schoers v. Pfizer, Inc.*, No. 00 CIV. 6121 (DAB), 2001 WL 64742, at *1 (S.D.N.Y. Jan. 24, 2001). Thus, consolidation is appropriate in this action.

### B. The Court Should Appoint Plaintiff Dolan's and Plaintiff Mapes' Counsel as Co-Lead Interim Class Counsel

The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class. *See* FED. R. CIV. P. 23(g).

---

[1] On August 31, 2021, the Court entered an order in the *Dolan* Action staying Defendant's time to answer, move, or otherwise respond to the complaint "until the Court enters a further Order." ECF No. 12. Reciprocally in the *Mapes* Action, on September 28, 2021, the Court entered a similar order staying Defendant's time to answer, move, or otherwise respond to the complaint "until the Court enters a further Order." ECF No. 16.

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009). Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarif[ies] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *In re Facebook, Inc.*, 288 F.R.D. at 43–44.

As stated in the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) ("When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). . . .").

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

FED R. CIV. P. 23(g)(1)(A). In addition, appointing interim co-lead counsel is also supported by certain discretionary factors that the court is allowed to consider under Rule 23(g)(1)(B), such as the consensus among counsel in support of the proposed leadership structure. A common method of selecting class counsel is by "private ordering." *Manual*, § 21.272. That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves "should be encouraged." *Id.* § 10.22.

In general, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Buonasera v. Honest Co., Inc.*, 318 F.R.D. at 19; *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 NRB, 2014 WL 5392961, at *3 (S.D.N.Y. Oct. 14, 2014). Additionally, courts have frequently appointed more than one firm to act as interim-lead and/or lead counsel. *See Deangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012). Each of these considerations, as detailed below, support the appointment of Gainey McKenna & Egleston ("GM&E"), Carlson Lynch LLP ("Carlson Lynch"), and Lowey Dannenberg P.C. ("Lowey"), as Co-Lead Interim Class Counsel.

## ARGUMENT

### A. Proposed Co-Lead Interim Class Counsel Has Thoroughly Identified and Investigated the Claims Under FED. R. CIV. P. 23(g)(1)(A)(i)

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken.  All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Proposed Co-Lead Interim Class Counsel has performed at least the following work thus far in connection with the *Mapes* and *Dolan* actions:

a) Researched, investigated potential legal claims arising from Defendant's failure to properly secure and safeguard highly valuable, protected PII, to comply with industry standards to protect information systems that contain PII, and provide adequate notice when PII was unlawfully disclosed and compromised on behalf of each respective plaintiff and proposed class;

b) Reviewed and analyzed numerous news articles describing Defendant's challenged conduct and how the data breach occurred;

c) Reviewed and analyzed Defendant's publicly disclosed policies, practices, and procedures for obtaining, collecting, and storing PII;

d) Reviewed and analyzed Defendant's insurance application process;

e) Reviewed and analyzed articles on the value of PII and the effects of its unauthorized disclosure;

f) Reviewed and analyzed Federal Trade Commission's guidelines relating to the implementation of reasonable data security practices;

g) Investigated the nature of the challenged conduct at issue by interviewing numerous individuals affected by the data breach;

h) Reviewed and analyzed comments and statements by Defendant related to the challenged conduct at issue;

i) Investigated the adequacy of the named Plaintiffs to represent the putative class;

j) Drafted and filed the *Dolan* and *Mapes* Complaints in the Class Actions;

k) Negotiated and drafted a Stipulation to Transfer Venue in the *Mapes* Action;

l) Drafted the Motion to Consolidate and Appoint Co-Lead Interim Class Counsel along with the Supporting Memorandum of Law, in connection with the Court's August 31, 2021 order (ECF 12); and

m) Have begun jointly drafting the proposed Consolidated Complaint to have it ready for prompt filing if and when consolidation is ordered.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop and demonstrate the claims alleged in the operative complaints. These measures are precisely the type of work that the

7

Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

The Notes to Rule 23 also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to FED. R. CIV. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* FED. R. CIV. P. 23, Advisory Committee Notes (2003). Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Discovery in this matter may be complicated, and it may require motion practice prior to class certification. Proposed Co-Lead Interim Class Counsel's thorough investigation into the claims will enable them to handle this discovery and related motion practice efficiently and adequately.

**B.  Proposed Co-Lead Interim Class Counsel is Experienced  in Handling Class Actions and Other Complex Litigation Under FED. R. CIV. P. 23(g)(1)(A)(ii)**

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." FED. R. CIV. P. 23(g)(1)(A)(ii). Here, Proposed Co-Lead Interim Class Counsel has substantial experience handling class actions and other complex litigation, including successful experience litigating and settling cases on behalf of individuals in the same demographic. Collectively, as well as singularly, the firms have deep class action experience, have been certified as class counsel by many federal courts, and possess the skills to represent the proposed class in this action.

Additionally, and more importantly, the three firms being put forth as proposed Co-Lead Interim Class Counsel are at the forefront, individually and in combination, of consumer class actions, and specifically, ones involving data breaches. Because the claims in these actions focus

on the protection of PII, the great risk of potential harm flowing from the theft of such information, and the necessary mitigation efforts needed to remediate the effects of this data breach, appointment of capable and directly experienced class counsel from the outset is more important here than in some other more traditional consolidation motions that the Court regularly entertains.

### 1.    Gainey McKenna & Egleston[2]

GM&E has extensive experience in handling complex class actions and other similar lawsuits and has prosecuted numerous securities class action and breach of duty cases, and therefore, possesses substantial knowledge about the applicable law.  In addition, the firm is well capitalized, and fully capable and prepared to staff and finance this class action litigation. The firm is presently involved in litigating eight other class actions involving the refusal of various Universities to provide any refunds for similar situations where students were denied access to the campus and facilities and forced into on-line learning, instead of the in-person education and campus experience for which they paid.  Thus GM&E is developing an expertise in the issues raised by these type of University cases.

GM&E also made law with its successful prosecution of a class action appeal to the United States Supreme Court wherein the Court struck down a "presumption of prudence" governing fiduciary conduct that lower courts had been using to the protect the actions of fiduciaries of employer retirement plans who imprudently invested in company stock for the retirement plan.  In the class action, *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014), GM&E argued with co-counsel that the presumption was illegitimate and had no place in the ERISA statutory framework.  The Supreme Court agreed.

---

[2] Gainey McKenna & Egleston's firm resume is attached as Exhibit C.

GM&E was instrumental in producing significant recoveries for its clients in class actions alleging breach of fiduciary duties in connection with the purchase of company stock in employees' retirement plans: *In re Schering-Plough Corp. Enhance ERISA Litig.*, Civil Action No.: 08-cv-1432 (D.N.J.) (recovery of $12.25 million for breach of fiduciary duty to the company's 401(k) plan); *In re Popular Inc. ERISA Litig.*, Master File No.: 09-cv-01552-ADC (D. P.R.) (recovery of $8.2 million for breaches of fiduciary duty owed to the company's 401(k) plan); *Boyd, et al. v. Coventry Health, et al.*, Civil Action No. 09-cv-2661 (D. Md.) (breach of fiduciary duty recovery of $3.6 million for the company's 401(k) plan); *Morrison v. MoneyGram Int'l, Inc., et al.*, Civil Action No.: 08-cv-1121 (D. Minn.) (sole lead counsel producing a recovery of $4.5 million for breach of fiduciary duties owed to the company's 401(k) plan); *In re General Growth Properties, Inc. ERISA Litig.*, Master File No.: 08-cv-6680 (N.D. Ill.) (Co-Class Counsel, produced a recovery of $5.75 million for the company's 401(k) plan).

Thomas J. McKenna, a senior partner in the firm who is prosecuting this action, has thirty-four years' experience practicing class actions, shareholder rights and securities law, insurance coverage litigation, general commercial and tort litigation and trial practice. Mr. McKenna has sat first or second chair in numerous jury trials and arbitrations throughout the nation.  He has also argued appeals in the Second Circuit Court of Appeals, the Fifth Circuit and the Eighth Circuit, as well as in the Appellate Division, First Department in New York State.   Mr. McKenna has worked on many important actions such as: *Dudenhoeffer, et al. v. Fifth Third Bancorp., et al.*, Civil Action No.: 08-cv-538 (S.D. Ohio) (Co-Lead Counsel in ERISA breach of fiduciary duty class action) (litigated to the U.S. Supreme Court and back, eventual recovery of $6,000,000 in cash and structural relief to the employees' 401(k) Plan); *Floridia et al v. Dolan, et al*., Civil Action No.: 14-cv-03011 (D. Minn.) (Lead Counsel in securities fraud class action) (settled for $2.1 million

10

for benefit of class after dismissal was partially reversed by the Eighth Circuit); *Salvato v. Zale Corp., et al.*, Civil Action No.: 06-cv-1124 (N.D. Tex.) (Co-Lead Counsel in ERISA breach of fiduciary duty class action) (recovery of $7 million for the employees' 401(k) plan; *Taylor v. Monster Worldwide, Inc.*, Civil Action No.: 06-cv-8322 (AKH) (S.D.N.Y.) (Co-Lead Counsel in ERISA breach of fiduciary duty class action) (recovery of $4.25 million for the employees' 401(k) plan); *Thurman v. HCA, Inc., et al.*, Civil Action No.: 05-cv-01001 (M.D. Tenn.) (Co-Lead Counsel in ERISA breach of fiduciary duty class action) (recovery of $3 million for the employees' 401(k) plan).

Gregory M. Egleston, another partner in GM&E, has twenty-three years' experience specializing in class action litigation, shareholder derivative actions, and consumer fraud litigation. Mr. Egleston has worked on many high-profile class actions such as: *Shane v. Edge, et al.*, Civil Action No.: 10-cv-50089 (N.D. Il.) (Co-Lead Counsel in ERISA breach of fiduciary duty class action) (recovery of $3.35 million for the employees' 401(k) plan; *Mayer v. Administrative Committee of Smurfit-Stone Container Corp. Retirement Plan*s, Civil Action No.: 09-cv-02984 (N.D. Ill.) (recovery of $7.75 million for the employees' 401(k) plan; *In re Beazer Homes U.S.A., Inc. Sec. Litig.*, Civil Action No.: 07-cv-725-CC (N.D. Ga.) ($30.5 million settlement in a securities class action); *In re Willbros Group, Inc. Sec. Litig.*, Civil Action No.: 06-cv-1778 (S.D. Tex.) ($10.5 million settlement in a securities class action); *In re Royal Dutch/Shell Transport Sec. Litig.*, Civil Action No.: 04-cv-374 (JAP) (D.N.J.) (U.S. settlement with a minimum cash value of $138.3 million with a potential value of more than $180 million, in addition to a related European settlement of $350 million); *In re Marsh & McClennan Companies, Inc. Sec. Litig.*, Civil Action No.: 04-cv-8144 (CM) (S.D.N.Y.) ($400 Million settlement in a securities class action); *In re Lumenis Sec. Litig.*, Civil Action No.: 02-cv-1989 (S.D.N.Y.) ($20.1 million settlement in a

securities class action); *Roberts v. Tishman Speyer, L.P., et al.*, N.Y. Sup. Ct., Index No. 07600475 (rental deregulation action and interplay with landlords accepting tax abatement benefits while raising rents; settled for $68.8 million payment to tenants).

Accordingly, GM&E is well qualified to be Co-Lead Interim Class Counsel in the consolidated action.

### 2.  Lowey Dannenberg, P.C.[3]

Counsel for Plaintiff Mapes, Lowey Dannenberg, P.C. has successfully prosecuted class actions against some of the largest corporations in the world for more than five decades, and achieved substantial recoveries on behalf of consumers, Fortune 100 companies such as Aetna Inc., Anthem, CIGNA, and Verizon, Inc., the nation's largest public pension funds, including the California State Teachers' Retirement System ("CalSTRS"), the New York State Common Retirement Fund, and New York City Pension Funds, sophisticated institutional investors, like Federated Investors, Inc., and  elected official, including the Treasurer of the Commonwealth of Pennsylvania. Courts routinely recognize this experience in appointing Lowey to lead or co-lead counsel in complex class action cases. *See e.g., GSE Bonds*, Case No. 19-cv-1704, ECF No. 159 ("Scott/Lowey [is] best suited to represent the interests of the class."); *In re London Silver Fixing Ltd. Antitrust Litig.*, Case No. 14-md-2573 (VEC) (S.D.N.Y.), ECF No. 17 (appointing Lowey co-lead counsel because, inter alia, "the Lowey [] complaint reveals a particularly outstanding effort."); *In re Apple Processor Litigation*, No. 18-cv-0147 (EJD) (N.D. Cal.)(praising Lowey for "conduct[ing] a detailed investigation and analysis of the design, manufacture, and operation of the Apple CPUs.").

---

[3] Lowey Dannenberg, P.C.'s firm resume is attached as Exhibit D.

Building on this experience, Lowey has been at the forefront of the data breach and privacy field, currently representing consumers and financial institutions in several prominent data breach cases. *See, e.g., In re Wawa Data Security Litigation*, 2:19-cv-06019 (E.D. Pa.) (appointed co-lead class counsel for financial institution track plaintiffs along with Carlson Lynch (in addition to others)); *In re: Rutter's Inc. Data Security Breach Litigation*, 1:20-cv-00382 (M.D. Pa.) (appointed co-lead class counsel); *Hozza v. PrimoHoagies Franchising, Inc.*, 1:20-cv-04966 (D.N.J.); *Barr v. Drizly LLC f/k/a Drizly Inc.*, 1:20-cv-11492 (D. Mass.) (counsel along with Carlson Lynch; class settlement preliminary approved). Lowey is also leading the prosecution of several major data privacy violations in *Lopez v. Apple, Inc.*, 4:19-cv-04577 (N.D. Cal.); *In re Google Assistant Privacy Litigation*, 5:19-cv-04286 (N.D. Cal.); *McCoy v. Google, LLC*, 5:20-cv-05427 (N.D. Cal.); and *Wesch v. Yodlee, Inc.*, 3:20-cv-05991 (N.D. Cal.).

Lowey's efforts in each of these data and privacy cases have been led by Christian Levis, a partner in Lowey's White Plains, NY office. Mr. Levis has extensive experience litigating large, complex class action cases in this district, including:

- ***GSE Bonds*, Case No. 19-cv-1704 (JSR) (S.D.N.Y)**, Lowey serves as co-lead counsel in a class action before Judge Rakoff against sixteen of the world's largest banks that allegedly conspired to fix the prices of debt securities issued by government sponsored entities (*e.g.*, Fannie Mae and Freddie Mac) for almost a decade. Plaintiffs had reached settlements with defendants totaling more than $386 million in this action.

- ***Laydon v. Mizuho Bank, Ltd.*, Case No. 12-cv-03419 (GBD) (S.D.N.Y.),** Lowey is sole lead counsel of this class action alleging that a group of 44 banks and brokers conspired to manipulate Yen LIBOR and the Euroyen TIBOR benchmark interest rates. To date, the court has granted final approval to $307 million in settlements.

- ***Sullivan v. Barclays plc*, Case No. 13-cv-02811 (PKC) (S.D.N.Y.),** Lowey serves as co-lead counsel representing CalSTRS in this class action against 12 banks and brokers for the alleged manipulation of the Euro Interbank Offered Rate ("Euribor"). The total amount recovered for investors in Euribor-based derivatives so far is more than $491.5 million.

- ***In re London Silver Fixing Ltd. Antitrust Litig.*, Case No. 14-md-2573 (VEC) (S.D.N.Y.),** Lowey is co-lead counsel in this class action alleging that a group of eight

major financial institutions colluded to fix the outcome of a daily auction used to set the worldwide price of silver. Lowey secured a $38 million settlement from Defendant Deutsche Bank and valuable cooperation that it is using in the ongoing prosecution of the case against the remaining defendants.

Accordingly, Lowey is well qualified to be Co-Lead Interim Class Counsel in this consolidated action.

### 3.    Carlson Lynch LLP[4]

Counsel for Plaintiff Mapes, Carlson Lynch, is a nationally recognized class action law firm with offices located in Pittsburgh, San Diego, Los Angeles, Philadelphia, and Chicago, specializing in an array of complex class actions, including consumer protection, financial fraud, data breach, privacy, labor and employment, antitrust, civil rights, and wage and hour laws.[5] Carlson Lynch led by partner Gary F. Lynch has also prosecuted numerous data breach class actions throughout country and possess substantial knowledge about the law. *See Clayton v. Blackbaud Inc*, 3:21-cv-01058 (D.S.C.) (serving as co-counsel before a federal multi-district litigation panel for claims regarding a failure to secure and safeguard private information of plaintiffs from cyberattacks and data breaches); *In re: Equifax, Inc. Customer Data Security Breach Litigation,* 1:17-md-2800-TWT (N.D. Ga.); *In re Home Depot Data Security Breach Litigation*, 1:14-md-02583 (N.D. Ga.) (serving as co-counsel in a consumer class action for claims arising out of Home Depo's 2014 data breach); *In re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (N.D. Minn.) (serving on a five person executive committee responsible for overseeing the prosecution of nationwide litigation against Target Corp. relating to

---

[4] Carlson Lynch LLP's firm resume is attached as Exhibit E.
[5] *See Luca v. Wyndham Hotel Group, LLC, et al.*, 2:16-cv-746 (W.D. Pa.) (gaining final court approval for a class action settlement for over 260,000 customers); *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 224 (3d Cir. 2019) (affirming a $4.5 million class action jury award for violations of state wage and hour laws); *Gardner v. Country Club*, Inc., 2:13-cv-3399 (D.S.C.) (reaching a class action settlement for violations of federal and state wage-and-hour laws); *Carter et al. v. General Nutrition Centers, Inc.*, 16-cv-633 (W.D. Pa.) (reaching a $6 million settlement in a consumer protection class action).

a 2013 data breach).

But not only does the firm handle a robust set of data breach and privacy class actions, it has developed a reputation for extensive pre-filing investigations, innovative claim refinement and presentation, and collaboration with numerous other counsel to quickly and privately order class counsel.[6]

Further, Carlson Lynch has made law with a successful prosecution of a data breach class action appeal to the Pennsylvania Supreme Court, where the state supreme court established a common law duty for the holders of personally identifiable information to act reasonably to secure and protect such information. *See Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018).

Carlson Lynch has also been instrumental in producing significant recoveries for its clients in data breach and privacy class actions: *First Choice Federal Credit Union et al. v. The Wendy's Co. et al.*, 2:16-cv-00506 (W.D. Pa.) (reaching a $50 million class action settlement with The Wendy's Company after computer hackers installed malware on point-of-sale systems of Wendy's franchised restaurant for the purposes of stealing customer payment card data); *Veridian v. Eddie Bauer, LLC*, 2:17-cv-356 (W.D. Wash.) (reaching a data breach settlement worth up to $9.8 million after hackers gained access to point-of-sale systems and potentially exposed 1.4 million payment cards); *Friske v. Bonnier*, 16-cv-12799 (E.D. Mich.) (reaching a $2.15 million settlement after subscribers' personal information was shared with third party marketers without their consent

---

[6] Proposed Co-Lead Interim Class Counsel have a history of working with one another. *See, e.g., In re: Wawa, Inc. Data Security Litigation*, 2:19-cv-06019 (E.D. Pa.) (naming Carlson Lynch and Lowey (in addition to others) as interim class counsel for claims arising from the Wawa data breach); *Barr v. Drizly, LLC f/k/a Drizly Inc.*, 1:20-cv-11492 (D. Mass.) (working together (with additional counsel) to reach a preliminary approved settlement up to $7.1 million for users whose data was compromised as a result of a data breach); *In Re FedLoan Student Loan Servicing Litig.*, 18-md-2833 (E.D. Pa.) (Lowey is currently co-lead counsel along with Carlson Lynch in a class action representing student loan borrowers allegedly disadvantaged by FedLoan's and the U.S. Department of Education's loan servicing and origination practices). Carlson Lynch also has a history of working with GM&E. *See, e.g. In re: Marriot Int'l customer Data Security Breach Litigation*, 19-mc-2879 (D. Md.); *Lafluer v. State University System of Florida*, Case No. 8:20-cv-1665(CEH)TGW) (M.D.Fla. Aug. 24, 2020); *Placko et al v. University of Illinois*, Case No. 2020CH06986 (Cir. Ct. Cook Cty. Nov. 25, 2020).

in violation of the Michigan Video Privacy Act); *In Re: TikTok Inc, Consumer Privacy Litigation*, 1:20-cv-04699 (N.D. Ill.) (serving as co-counsel and close to reaching preliminary approval of a $92 million settlement for alleged privacy violations).

Accordingly, Carlson Lynch is well qualified to be Co-Lead Interim Class Counsel in this consolidated action.

### C.   Proposed Co-Lead Interim Class Counsel are Familiar with the Applicable Law Under FED. R. CIV. P. 23(g)(1)(A)(iii)

The third factor to consider is "counsel's knowledge of the applicable law." FED. R. CIV. P. 23(g)(1)(A)(iii). Proposed Co-Lead Interim Class Counsel are knowledgeable about the law applicable to the instant claims, as demonstrated by their experience litigating other class actions. As set forth above, the attorneys of GM&E, Carlson Lynch, and Lowey have a track record of successfully litigating and resolving large-scale complex actions, including data breach litigation. Proposed Co-Lead Interim Class Counsel will ensure their familiarity with the applicable laws and practices of this jurisdiction,[7] as well as this Court's rules and procedures, which will serve to minimize inefficiency in attorney time and litigation costs.

### D.   Proposed Co-Lead Interim Class Counsel Will Commit All Necessary Resources to Representing the Class Under FED. R. CIV. P. 23(g)(1)(A)(iv)

The final FED. R. CIV. P. 23(g)(1)(A)(iv) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of GM&E, Carlson Lynch, and Lowey. These firms are well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. As a result, the firms can fully utilize their resources and knowledge of class action practice to the direct benefit of Plaintiffs and the class members. GM&E, Carlson Lynch, and

---

[7] Both GM&E and Lowey have their law firm's headquarters in the Southern District of New York.

Lowey have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class. GM&E, Carlson Lynch, and Lowey's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Furthermore, Proposed Co-Lead Interim Class Counsel's commitment to information security is second to none, given the nature of this action. Lowey has recently undergone the rigorous process of becoming ISO 27001 certified, the one of only a hand full of firms in the country to do so. This means that all class members, as well as USAA, can be confident that during discovery their sensitive data is being stored in a secure system.

### E. Discretionary Factors Under FED. R. CIV. P. 23(g)(1)(B)

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Several support the appointment of GM&E, Carlson Lynch, and Lowey.

As Co-Lead Interim Class Counsel, GM&E, Carlson Lynch, and Lowey will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations. GM&E, Carlson Lynch, and Lowey have already established a team of attorneys to litigate this matter, ensuring the most organized and efficient representation of the putative class while avoiding duplicative and unnecessary work. On the litigation team for Lowey is Partner Christian Levis and Associates Amanda Fiorilla and Anthony M. Christina. From Carlson Lynch are Partners Gary F. Lynch and Kelly K. Iverson, and Associate Nicholas A. Colella. From GM&E are Partners Thomas J. McKenna and Gregory M. Egleston. In addition, the

firms will draw on others from within their firms as the case demands.  Notably, proposed Co-Lead Interim Class Counsel have established themselves in the data breach space, having served in leadership positions in some of the most prominent data breach cases of the last decade. Proposed Co-Lead Interim Class Counsel has worked on actions involving similar claims against companies throughout the country and will be able to draw on that experience and cooperative work to create efficiencies in this consolidated action.

### F. The Court Should Order the Consolidation of Pleadings and Set a Deadline for the Filing of Plaintiffs' Consolidated Complaint

If consolidation is ordered, Plaintiffs request leave to file their Consolidated Complaint with the Court on or before fourteen (14) days from the date that the Court enters the consolidation order.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the *Mapes* and *Dolan* Actions be consolidated for all purposes and the Court appoint the law firms of Gainey McKenna & Egleston, Carlson Lynch LLP, and Lowey Dannenberg, P.C. as Co-Lead Interim Class Counsel. Plaintiffs further request that the Court direct the Plaintiffs to file an operative Consolidated Complaint in the consolidated action on or before fourteen (14) days after the entry of the consolidated order.

Dated:  September 30, 2021

Respectfully submitted,

By: */s/ Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
Robert J. Schupler
**GAINEY McKENNA & EGLESTON**
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel.: (212) 983-1300
Fax: (212) 983-0381

Email: tjmckenna@gme-law.com
      gegleston@gme-law.com
      rschupler@gme-law.com

Gary F. Lynch (*pro hac vice* forthcoming)
Kelly K. Iverson (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**CARLSON LYNCH LLP**
1133 Penn Ave. 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 321-0246
Email: glynch@carlsonlynch.com
      kiverson@carlsonlynch.com
      ncolella@carlsonlynch.com

Christian Levis
Amanda Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
Email: clevis@lowey.com
      afiorilla@lowey.com

Anthony M. Christina (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Fax: (914) 997-0035
Email: achristina@lowey.com

*Proposed Co-Lead Interim Class Counsel*