UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11-7-22

| | |
|---|---|
| IN RE USAA DATA SECURITY LITIGATION | Case No. 7:21-cv-05813-VB |

## [PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Consistent with the representations made to the Court during the Initial Conference, all parties request the Court to enter a stipulated confidentiality and protective order under Federal Rule of Civil Procedure 26(c). Their purpose is to protect the confidentiality of certain nonpublic and confidential material that is likely to be exchanged during discovery.

In making their request, the parties acknowledge that the Confidentiality and Protective Order does not confer blanket protections on all discovery disclosures and responses. The parties recognize that the protection it affords only extends to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further understand that this Confidentiality and Protective Order does not create an entitlement to file confidential material under seal.

Good cause exits to issue this appropriately tailored Confidentiality and Protective Order due to: (1) these acknowledgements; (2) the parties' representations that discovery will involve confidential documents or information, the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed; and (3) the need to protect against injury caused by dissemination of confidential documents and information.

It is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as

- 1 -

such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

**Discovery Materials May Be Designated as "Confidential"**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted in accordance with this Order.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition transcripts, or portions thereof (including exhibits), may be designated "Confidential." Such designation can be made during the deposition. If only a portion of the deposition is designated "Confidential" during the deposition, the designated testimony shall later be identified

by page and line number within thirty (30) days of receipt of the final deposition transcript. Such designations may also be made after the conclusion of the deposition by page and line number, again within thirty (30) days of receipt of the final deposition transcript. If a confidentiality designation was not made during the deposition, the entire deposition transcripts shall be treated as Confidential for thirty (30) days after receipt of the deposition transcript unless the designating party has earlier indicated a different designation. The front page of any deposition containing the Protected Materials shall be marked by the court reporter as follows: "CONTAINS CONFIDENTIAL INFORMATION GOVERNED BY CONFIDENTIALITY AND PROTECTIVE ORDER." The designating party shall have the right to have all persons except the deponent and his counsel, counsel of record for the Parties, the court reporter, and such other persons as are permitted under this Order, as appropriate, excluded from a deposition, or any portion thereof, before the taking therein of the testimony that the designating party designates as Confidential under this Order.

4.  If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5.  Any party that objects to a confidentiality designation of any document or transcript may notify the designating person in writing, copying all parties. After receipt of the objection, the parties shall have fourteen (14) days to engage in the conferral and prefiling requirements in

Local Civil Rule 37.2 and Judge Briccetti's Individual Practice Procedures. If the Court has denied the request for a pre-motion discovery conference, or the discovery dispute has not been resolved as a consequence of such a conference, the designating person then shall have fourteen (14) days to file a motion seeking a Court order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(g) shall be upon the person seeking to uphold the designation. During the objection process, including if a motion is filed, the parties shall continue to treat the designated information at issue as Confidential until the Court rules on the motion. If the designating person does not follow this objection procedure, or if the Court determines the designation of Confidential to have been inappropriate, the challenged designation shall be rescinded.

**Who May Receive Confidential Materials**

6. No person subject to this Confidentiality and Protective Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person, except to:

    (a) the named parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c) as to any document, its author, its addressee, any other person shown on the face of the document as having received a copy and any person in good faith reasonably believed to have knowledge of its contents;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.  Recipients of Confidential Discovery Material under this Confidentiality and Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Confidentiality and Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Confidentiality and Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

9.  Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, driver's license numbers, passwords, or information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences an information security incident relating to the PII, said person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the incident. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

**Filing Confidential Materials in this Action**

10.  Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the

designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

11. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

13. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged or Otherwise Protected Materials**

14. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, attorney work product, or to another privilege or protection allowing a basis to withhold Discovery Material, a producing person inadvertently discloses information subject to a claim of such privilege or protect ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information and its subject matter, pursuant to Fed. R. Evid. 502(d).

15. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. Discovery Material marked by a party as an exhibit in a deposition or submitted as an exhibit to a court filing in this action shall remain subject to the protections and requirements of Paragraphs 14-17 for fourteen (14) days after the deposition or filing. Following this fourteen (14) day period, any such used document shall be subject to the requirements of Federal Rule of Evidence 502(b).

**Termination of the Litigation**

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**PREPARED AND STIPULATED TO BY.**

| | |
|---|---|
| Counsel for Plaintiffs: | Counsel for Defendant: |
| /s/ Thomas J. McKenna | /s/ Armin Ghiam |
| Dated: November 7, 2022 | Dated: November 7, 2022 |

**SO ORDERED.**

Dated: November 7, 2022

_____
**VINCENT BRICCETTI**
**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE USAA DATA SECURITY LITIGATION* | Case No. 7:21-cv-05813-VB |

**NON-DISCLOSURE AGREEMENT**

I, _____ [print name], acknowledge that I have read and understand the Confidentiality and Protective Order in this action governing the non-disclosure Discovery Material that has been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation. I also agree that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder. I further understand that my willful violation of any term of the Confidentiality and Protective Order could subject me to punishment for contempt of court.

Dated: _____        _____

[Signature]

- 10 -