UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE USAA DATA SECURITY LITIGATION | No. 7:21-cv-05813-VB |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/25

This matter came before the Court for a duly-noticed hearing on May 21, 2025 ᴠB (the "Final Approval Hearing"), upon Plaintiff Vincent Dolan's ("Plaintiff" or "Settlement Class Representative") Motion for Final Approval of Class Action Settlement with Defendant United Services Automobile Association ("USAA" or "Defendant"), which was consented to by USAA. Due and adequate notice of the Settlement Agreement having been given to the Settlement Class Members, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject-matter jurisdiction under 28 U.S.C. § 1331, or alternatively 28 U.S.C. § 1332(d) and 28 U.S.C. § 1367(a), to enter this Final Approval Order and Judgment and has personal jurisdiction over Plaintiff and USAA (in this Action only and for purposes of this Settlement only) and all Class Members.

3. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the Distribution Plan.

4. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals of the United States whose Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List. The Settlement Class specifically excludes: (i) USAA, any Person in which USAA has a controlling interest, and USAA's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or

judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

5. The Court finds that, solely for purpose of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to USAA's alleged conduct with regard to the Data Incident, FED. R. CIV. P. 23(a)(2); (iii) Plaintiff's claims in this litigation are typical of those of the Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Plaintiff and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

6. The Court hereby confirms the appointment of Plaintiff Vincent Dolan as the Settlement Class Representative. Pursuant to FED. R. CIV. P. 23(g), the Court hereby confirms the appointment of Thomas J. McKenna and Gregory M. Egleston of Gainey McKenna & Egleston; Christian Levis, Anthony M. Christina, and Amanda G. Fiorilla of Lowey Dannenberg, P.C.; and Gary F. Lynch and Nicholas A. Colella of Lynch Carpenter LLP as Class Counsel for the Settlement Class.

7. The Court finds that the Short Form Notice, the Long Form Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the

2


pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of the Distribution Plan, and of Class Counsel's application for an award of Attorneys' Fees and Expenses associated with the Action, and any Service Award; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23 and Due Process. Based upon USAA's submission to the Court dated __March 24, 2025__ the Court further finds that USAA has fully complied with the notice and other obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. *VB*

8. The Court finds that __1__ Settlement Class Members have validly requested to be excluded from the Settlement Class ("Opt-Out Members"), and those Opt-Out Members are identified in **Exhibit A**. *VB*

9. The Court finds that __0__ timely objections to the proposed Settlement have been submitted. Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.] *VB*

10. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class,

3

including Plaintiff. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

12.   As of the Effective Date, all Releasing Parties,[1] on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and

---

[1] As set forth in the Settlement Agreement, "Releasing Parties" means the Settlement Class Representative and all Settlement Class Members who do not timely and validly opt out of the Settlement.

4

forever release and discharge any and all Released Claims[2] against the Released Parties,[3] except for claims relating to the enforcement of the Settlement or this Agreement.

---

[2] As set forth in the Settlement Agreement, "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incident, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that may be available under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any claims for violations of Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, et seq., any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, et seq., and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

[3] As set forth in the Settlement Agreement, "Released Parties" means United Services Automobile Association, and each of its current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents (including without limitation independent agents), vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.

13. Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

14. As of the Effective Date, all Released Parties expressly, generally, absolutely, unconditionally, and forever release and discharge any and all claims against the Settlement Class Representative, the Releasing Parties, and their counsel arising out of or relating to the institution, prosecution, and resolution of the Released Claims in this Action, except for claims relating to the enforcement of the Settlement or this Agreement or claims for breach of this Agreement.

15. Notwithstanding the entry of this Final Approval Order and Judgment, if the Settlement Agreement is validly terminated by Plaintiff or USAA, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Approval Order and Judgment dismissing Plaintiff's claims shall be null and void with respect to such Settlement; Plaintiff's claims shall be reinstated; USAA's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated

6

and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

16. The Settlement Fund Account defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

17. Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Judgment, and to consider or approve the amounts of distributions to Class Members. In addition, without affecting the finality of this Final Approval Order and Judgment, Plaintiff, USAA, and the Settlement Class hereby irrevocably submit to the exclusive

Case 7:21-cv-05813-VB   Document 82-1   Filed 12/11/24   Page 73 of 96

jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order and Judgment or the Settlement Agreement. Any disputes involving Plaintiff, USAA, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

18. The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Releasing Party or any other person subject to the provisions of this Final Approval Order and Judgment against a Released Party.

19. The Court permanently bars and enjoins Plaintiff and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; or (b) organizing or soliciting the participation of Settlement Class Members in a separate class for purposes of pursuing any action relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties.

20. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, exchanged among counsel for Plaintiff and USAA in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute, law, common law or of any liability or wrongdoing by USAA or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a

class other than solely for purposes of the Settlement. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order and Judgment; and (ii) do not limit the rights of Settling Class Members.

21. Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

22. The Settlement Payment Election, Distribution Plan, and the *In Camera* Supplement referenced in Sections 6 and 7 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

23. The Settlement Administrator shall administer the claims administration process, pursuant to the Court-approved Distribution Plan.

24. Class Counsel are awarded attorneys' fees in the amount of $ 1,083,333.33 and reimbursement of litigation expenses in the amount of $ 25,772.69 , such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement. In addition, up to $98,500 ~~$~~ in Administrative Expenses are to be paid out of the Settlement Fund to Angeion Group, LLC, to perform its responsibilities as the Settlement Administrator, in accordance with the terms of the Settlement.

25. The Settlement Class Representative is awarded a service ~~case contribution~~ award in the amount of $ 10,000.00, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement.

9

26.  The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

27.  The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

28.  The Court directs that this Final Approval Order and Judgment shall be Final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 21st day of May, 2025.

_____
The Honorable Vincent L. Briccetti
United States District Judge

→ The Clerk is instructed to close this case

10

# EXHIBIT A

IN RE USAA DATA SECURITY LITIGATION
Case No. 7:21-cv-5813-VB
U.S. District Court for the Southern District of New York

Exclusion Report
As of 3/24/2025

| No. | First Name | Last Name |
|---|---|---|
| 1 | Luis | Lorenzo |